IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

DENNIS HUGHES,  :
　　　　　　　　　　　　:
　　　　Appellant,　　　:
　　　　　　　　　　　　:
　　v.　　　　　　　　　:　　No. 13-4726
　　　　　　　　　　　　:
KEVIN MISKELL, et al., :
　　　　　　　　　　　　:
　　　　Appellee　　　　:

APPELLANT'S RESPONSE IN OPPOSITION TO
APPELLEE'S MOTION TO QUASH THE APPEAL

Appellant, Dennis Hughes, presently proceeding pro se, respectfully provides herewith his response in opposition to Appellee's motion to quash the appeal as being untimely.

Appellant respectfully moves this Honorable Court to enter an order dismissing Appellee's Motion To Quash Appeal As Untimely as improvidently submitted. In the alternative, it is requested that the foregoing motion be construed as a notice of appeal of the District Court's order entered on December 5, 2013, which granted Plaintiff/Appellant's request to re-open the period for filing the "Notice of Appeal" at-issue in this matter.

In support of this request, the following is averred:

1. Appellee's motion to quash failed to inform this Court that they requested a reconsideration of its December 5, 2013, order. See docs. 67 and 68 in USDC-MD Pa. Civil No. 3:10-CV-1443.

2. Appellee's motion to quash was not served on U.S. District Judge Mannion; and, otherwise, the Appellees failed to inform Judge Mannion that they filed a motion to quash the appeal in the U.S. Appeals Court.

3. The motion to quash repeats some of the same allegations and legal reasoning as raised in their motion for reconsideration and supporting brief filed in the District Court. See "Motion to Quash" at p.3-4.

4. Plaintiff/Appellant should not be required to litigate the same issue in two different courts. More particularly, Appellant filed a brief in opposition to Defendants' Motion for Reconsideration. See doc. 71. For convenience Appellant has appended hereto a copy of his brief in opposition.

5. In view of the fact that Defendants' motion for reconsideration is still pending in the U.S. District Court, this Court should wait on the disposition of Judge Mannion's resolution of the issue. If Judge Mannion affirms his initial order of December 5, 2013, then the Defendants are free to appeal that decision to this Court. Alternatively, should Judge Mannion reverse himself of his earlier December 5, 2013, order then the Appellant should have the option of appealing that result to this Honorable Court. Either way, it makes no sense to entertain the motion to quash at this juncture. Consequently, based upon those practical considerations, this Court should

<u>dismiss</u> the motion to quash as being improvidently submitted.

6. In further support of the foregoing, Appellant respectfully incorporates by reference the facts and allegations as covered in the attached <u>Plaintiff's Brief in Opposition to Defendants' Motion for Reconsideration</u>.

WHEREFORE, based upon the foregoing, it is respectfully requested that this Court will dismiss as improvidently submited the motion to quash. Alternatively, it is requested that the Court will stay a decision on the issue pending the outcome of Judge Mannion's decision on the Appellees' motion for reconsideration.

Respectfully submitted,

Dated: 3/10/14

Dennis Hughes
Plaintiff/Appellant, **Pro Se**
#AM-5356, SCI-Dallas
1000 Follies Road
Dallas, PA 18612-0286

# ATTACHMENT

UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS HUGHES, | : | Civil No. 3:10-CV-1443 |
| Plaintiff, | : | (Judge Mannion) |
| v. | : | (Mag. Judge Blewitt) |
| KEVIN MISKELL, et al., | : | |
| Defendants | : | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION FOR RECONSIDERATION**

Plaintiff, Dennis Hughes, presently proceeding pro se, submits herein his brief in opposition to the Defendants' motion for reconsideration of the Court's order entered on December 5, 2013 (Doc. 64).

Plaintiff also humbly requests that the foregoing brief in opposition may also be construed as his brief in support of his Rule 60(b) relief from judgment.

I.   STATEMENT OF THE CASE

On July 13, 2010, Plaintiff filed, through counsel, a civil rights action against certain prison officials and medical providers at the State Correctional Institution at Dallas. Plaintiff is a 100% disabled veteran serving a life sentence and has been incarcerated for more than 33 years.

Based on various medical and psychiatric diagnoses, Plaintiff sought appropriate psychiatric counseling, medications, and the granting of a single cell status (in prison

parlance a "z-code") for the duration of his incarceration.

Following the filing of several amended complaints, the Defendants moved for summary judgment based on Plaintiff's failure to properly exhuast all of his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA").

Plaintiff has an appeal that has been docketed in the Third Circuit Appeals Court at No. 13-4726. The underlying appeal will explore whether the District Court committed legal error in granting Defendants' motion for summary judgment.

On December 4, 2013, the Plaintiff filed a pro se Motion for Relief from Judgment. (Doc. 63) The District Court granted the motion the very next day on December 5, 2013. (Doc. 64) By the Court's order, the Plaintiff was given until January 5, 2014, in which to file his appeal.

Thereafter, the Defendants filed a motion for reconsideration of its order of December 5, 2013. In essence, the Defendants are challenging the Court's discretion and equitable powers to grant Plaintiff's motion to re-open the period permitting him to file an appeal.

This brief, therefore, follows in opposition to the Defendants motion for reconsideration of the Court's order entered on December 5, 2014.

II. COUNTER STATEMENT OF THE CASE

1. ALTHOUGH THE PRO SE PLAINTIFF DID NOT FILE A SUPPORTING BRIEF, IT IS SUBMITTED THAT WHERE THE BRIEF PRESENTED SUFFICIENT DETAIL, AND VARIOUS SUPPORTING EXHIBITS, CURRENT FEDERAL PRACTICE PERMITS THE COURT TO EXERCISE ITS DISCRETION IN A MANNER THAT MAY WAIVE OR EXCUSE A PRO SE LITIGANT FROM FILING A SUPPORTING BRIEF.

2. PLAINTIFF PRESENTED CREDIBLE EVIDENCE THAT PRISON OFFICIALS WERE NEGLIGENT IN THE TIMELY DELIVERY OF HIS LEGAL MAIL.

III. ARGUMENT

Plaintiff submits that current federal practice permits the Court to accept pro se motions in lieu of a supporting brief where the moving document has sufficient and ample detail, along with supporting exhibits, for the Court to make a dispositive decision on the underlying motion or request for relief.

Secondly, in view of the fact that the Court acted expeditiously to grant Plaintiff's request for relief, any putative supporting brief that arrived after the Court's decision would have been deemed simply a moot point.

Plaintiff listed a number of fact-specific averments in his motion which Defendants characterized as "allegations of interference with his legal mail by unnamed prison officials." It was then stated "Defendants refute those allegations." (Doc. 68, p.4)

However, the Defendants did not provide any exhibits or supporting affidavits to contravene the factual averments made in Plaintiff's opening brief.

It appears, then, that, in essence, Defendants are seeking an evidentiary hearing on this issue. Plaintiff does not express a position pro or con. Frankly, it would be entirely up to the Court to determine if an evidentiary hearing might be warranted under the circumstances.

As to the second point in Plaintiff's argument, the following averments, in summary, are set forth:

1. Plaintiff alleged that his counsel, Robin Gray, was no longer representing him.

2. Ms. Gray timely mailed a copy of the Court's decision around October 10, 2013. (Doc. 63, p.2)

3. Ms. Gray's letter has the correct name, institutional number, and address of the prison, i.e. 1000 Follies Road, Dallas, PA 18612. Id.

4. Ms. Gray's letter advised that she did not think an appeal would be successful and Plaintiff had "the option to appeal if [he] wish[ed]." Id.

5. Plaintiff attached a copy of the actual envelope as Exhibit B to his motion. Unbeknownst to Ms. Gray, a Dallas mailroom official put a label over the correct address Ms. Gray had previously typed on the envelope. The only discrepancy was an incorrect digit in Plaintiff's institutional number was printed on the envelope. The parcel was then forwarded to "SCI-Coal Township." The mail was ultimately returned to Ms. Gray without delivery to the Plaintiff.

6. Plaintiff averred that he acted with "due diligence" as soon as the circumstances became clear as to what happened

- 4 -

with the misdelivery of his mail from Ms. Gray.

Based on the above, Plaintiff submits that "good cause" was shown for seeking relief under Rule 60(b) and for seeking a re-opening of the 30-day period for filing his notice of appeal.

Plaintiff made no specific averment that his mail was tampered with. That was a statement Plaintiff's previous counsel made in her letter of November 15, 2013. (Doc. 63, Exhibit C)

It was completely incorrect for opposing counsel to suggest that Ms. Gray used the correct address on the letter but an incorrect address on the envelope. Plaintiff has retained the envelope sent to him by Ms. Gray. A "sticky label" was placed over the correct address and the parcel was then forwarded to an institution Plaintiff was never housed at. Compare Elliot D. Ray v. Marc Clements, 700 F.3d 993, 1002 (7th Cir. 2012)(noting a pro se prisoner must almost blindly rely on "vagaries of the mail" and the scruples of prison officials).

IV. CONCLUSION

Based on the foregoing, and Plaintiff's initial filing with exhibits, it is respectfully requested that the Court deny Defendants' Motion for Reconsideration.

Respectfully submitted,

Dated: 1/23/14

Dennis Hughes
Plaintiff, Pro Se
#AM-5356, SCI-Dallas
1000 Follies Road
Dallas, PA 18612-0286

- 5 -

## CERTIFICATE OF SERVICE

I, Dennis Hughes, the Plaintiff in the foregoing captioned matter (USDC-MD Pa. Civil No. 3:10-CV-1443), hereby certify that I have, on the date indicated below, caused to be served a true and correct copy of the foregoing document titled PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION by depositing the same in the prison mailbox for delivery by U.S. Mail, FIRST CLASS postage prepaid, addressed as follows to the party below:

> Raymond W. Dorian, Esq.
> Assistant Counsel
> Governor's Office of General Counsel
> 1920 Technology Parkway
> Mechanicsburg, PA 17050

Dated: 1/23/14

Dennis Hughes
Plaintiff, Pro Se
#AM-5356, SCI-Dallas
1000 Follies Road
Dallas, PA 18612-0286

## CERTIFICATE OF SERVICE

I, Dennis Hughes, the Plaintiff/Appellant in the foregoing captioned matter (U.S. Court of Appeals No. 13-4726), hereby certify that I have, on the date indicated below, caused to be served a true and correct copy of the foregoing document titled **APPELLANT'S RESPONSE IN OPPOSITION TO APPELLEE'S MOTION TO QUASH THE APPEAL** by depositing the same in the prison mailbox for delivery by U.S. Mail, FIRST CLASS postage prepaid, addressed as follows to the party below:

> Raymond W. Dorian, Esq.
> Assistant Counsel
> Governor's Office of General Counsel
> 1920 Technology Parkway
> Mechanicsburg, PA 17050

Dated: 3/10/14

Dennis Hughes
Plaintiff/Appellant, **Pro Se**
#AM-5356, SCI-Dallas
1000 Follies Road
Dallas, PA 18612-0286